UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN SECTION
C.A. NO. 04-30035KPN

KEVIN BALENO and PATRICIA SCUTARI,

Plaintiffs

v.

CHARLES RICKO, EDWARD CHASE and
TOWN OF WENDELL,

Defendant

ANSWER

## I.    INTRODUCTION

1.    Defendants state that no response is required to this introductory paragraph. To the extent a response is required, the defendants deny the allegations set forth in this paragraph.

## II.    PARTIES

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4.    Admitted that defendant Ricko was a police officer for the Town of Wendell. The remaining allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response.

5.   Admitted that defendant Chase is the Chief of Police for the Town of Wendell. The remaining allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response.

6.   Admitted.

## III.   FACTS

7.   The defendant admit that a petition was placed in the Wendell Country Store and state that said petition speaks for itself. The defendants admit that on one occasion, defendant Ricko was in the store and signed the petition—once with his real name and once, as a good-natured joke—with the name, George Bush.

8.   Admitted.

9.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph. Defendants admit that defendant Ricko drove into the parking lot on the night in question, but state that they are without knowledge as to what plaintiff Baleno was doing at the time.

10.  Defendants admit that Defendant Ricko was parked in the south corner of the referenced parking lot, as was his custom when he was operating his radar gun from that location. Admitted that plaintiff Baleno pulled out of the parking lot heading north on Lockes Village Road.

11.  Admitted.

12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

13.  Admitted.

14. Admitted, except that defendant Ricko recalls inquiring as to why plaintiff Baleno was reaching below his seat (as if to hide something) rather than reaching into the glove compartment.

15. Admitted as to plaintiff Baleno's response to defendant Ricko's inquiries. Defendants are without knowledge or information sufficient to form a belief as to the truth of what Mr. Baleno "realized," but they admit that plaintiff Baleno stated to defendant Ricko that he did not have his license and registration.

16. Admitted that plaintiff Baleno stated that he had left his license and registration at home. Admitted that plaintiff Baleno stated his name to defendant Ricko. Denied that plaintiff Baleno stated "where he lived." Defendant Ricko has no memory of the statement attributed to plaintiff Baleno in the second sentence of this paragraph.

17. Admitted.

18. Defendant Ricko admits that he requested identification from plaintiff Baleno. Defendant Ricko disputes the timing and sequence of his actions and statements suggested in this and other paragraphs of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

20. Denied.

21. Admitted.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, insofar as defendant Ricko is without specific memory of the events alleged in the first sentence of this

3

paragraph, and the defendants are without knowledge of the mental impressions held by plaintiff Baleno, as set forth in the second sentence.

23.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, insofar as defendant Ricko is without specific memory of the events alleged therein.

24.  Defendants admit the allegations set forth in this paragraph, except that defendant Ricko disputes the timing and sequence of his actions, as set forth therein, and denies that he was rude to plaintiff Baleno at any time, and he does not recall his exact words, as attributed to him in this paragraph.

25.  Defendants admit the allegations set forth in the first sentence of this paragraph. The defendants deny the allegations set forth in the second sentence of this paragraph and state that defendant Ricko addressed with plaintiff Baleno the matter of the failed inspection as soon as he noticed the same.

26.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

27.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, insofar as defendant Ricko has no specific memory of the allegations set forth therein.

28.  Admitted.  Further answering, defendant Ricko denies that he searched plaintiff Baleno's vehicle.

29.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph. Defendants admit that plaintiff Baleno's parents angrily telephoned defendant

4

Ricko regarding the incident, but deny all further inferences and characterizations set forth in this paragraph.

30.    Denied.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, insofar as defendant Ricko has no specific memory of making the comment attributed to him in this paragraph.

32.    The allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response. To the extent a response is required, said allegations are denied.

33.    Denied.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

35.    Defendants deny the allegations set forth in the first sentence of this paragraph. The defendants are without knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

36.    Admitted, except that defendant Ricko is no longer employed as a police officer for the Town of Wendell.

37.    The defendants deny the allegations set forth in the first paragraph of this sentence. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, insofar as defendant Ricko has no specific memory of the incident alleged therein. Further answering, defendants state that the parking lot

referenced is unlit and that any alleged conversation between defendant Ricko and

plaintiff Baleno would have taken place in a very dark environment.

38.  Denied.

39.  Denied.

40.  The defendants state that the allegations in this paragraph comprise contentions as

to matters of law not requiring a response. To the extent a response is required,

the defendants state that they dispute the timing and sequence of events suggested

in this paragraph and deny all allegations set forth therein.

41.  Denied.

42.  The defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in this paragraph.

43.  The defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in this paragraph.

44.  The allegations set forth in the first sentence of this paragraph are admitted,

except that defendant Ricko believes that the vehicle was traveling at 84 miles per

hour. The defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in the second sentence of this

paragraph.

45.  The defendants dispute the timing and sequence of the events set forth in this

paragraph, but admit that defendant Ricko requested that Mr. Davis blow at his

face and that he detected no odor of alcohol. Further answering, the defendants

state that this exchange took place later in the stop, after defendant Ricko

observed a cooler in the back of Mr. Davis vehicle and after both Mr. Davis and

plaintiff Baleno admitted that the cooler contained alcohol and that the alcohol belonged to them.

46.  The defendants dispute the timing and sequence of the events alleged in the first sentence of this paragraph. The defendants deny the allegations set forth in the second sentence of this paragraph.

47.  The defendants deny the allegations set forth in the first sentence of this paragraph. The defendants admit that defendant Ricko observed a cooler in the back of the vehicle, that he asked Mr. Davis and plaintiff Baleno what was in the cooler and that both Mr. Davis and plaintiff Baleno admitted that the cooler contained their alcohol, but dispute the timing and sequence of these events suggested in the this paragraph.

48.  The defendants admit only that defendant Ricko asked Mr. Davis if he would be willing to show defendant Ricko what was in the cooler, that Mr. Davis voluntarily opened the cooler, and that defendant Ricko observed various alcoholic drinks packed in fresh ice in the cooler, which alcoholic drinks both Mr. Davis and plaintiff Baleno admitted they owned. All further characterizations of these events, as well as the timing and sequence thereof, as set forth in this paragraph are denied.

49.  Denied. Further answering, defendant Ricko states that he asked Mr. Davis if he would be willing to open the trunk of the car and that Mr. Davis voluntarily did so. Upon observing a beat-up aluminum baseball bat in the trunk, defendant Ricko recalled a recent rash of vandalism in town that appeared to be caused by a

baseball bat.    Defendant Ricko admits to asking what the baseball bat was for but does not recall his exact words.

50.    Denied.

51.    The defendants admit that defendant Ricko contacted Mr. Davis' mother, but dispute the timing and sequence of events suggested in this paragraph. Further answering, the defendants state that defendant Ricko intended to arrest Mr. Davis and plaintiff Baleno for transporting alcohol as minors, that plaintiff Baleno was belligerent and threatening throughout the encounter, but that Mr. Davis was contrite and pleaded with defendant Ricko not to arrest them. Defendant Ricko acquiesced to Mr. Davis' pleas and instead contacted his mother to come to the scene.

52.    The defendants admit only that, in view of plaintiff Baleno's admission that he was in possession of alcohol, defendant Ricko originally determined to arrest both Mr. Davis and plaintiff Baleno. This fact, together with plaintiff Baleno's rage and belligerence, prompted defendant Ricko to request that plaintiff Baleno exit the vehicle and to conduct a pat frisk of Mr. Baleno. The defendants admit that this pat frisk revealed no weapons or contraband and that plaintiff Baleno was permitted to return to the vehicle. The defendants deny the remaining allegations and characterizations set forth in this paragraph.

53.    The defendants admit only that, upon the arrival of Mr. Davis' mother (hereinafter "Mrs. Davis"), defendant Ricko had a conversation with Mrs. Davis, after which he agreed not to arrest Mr. Davis and plaintiff Baleno, provided the alcohol was poured out. Mrs. Davis and Mr. Davis readily agreed to this arrangement and

voluntarily began to pour out the unlawful alcohol.  All further allegations and characterizations set forth in this paragraph are denied.

54.    The defendants admit only that Mr. Davis and Mrs. Davis voluntarily began to pour out the alcohol, that defendant Ricko suggested that plaintiff Baleno, who together with Mr. Davis had admitted to ownership of the alcohol, assist in this endeavor.  All further allegations and characterizations set forth in this paragraph, including but not limited to the assertion that plaintiff Baleno had no knowledge of the alcohol, are denied.

55.    The defendants admit the allegations set forth in the first and third sentences and deny the allegations set forth in the second sentence of this paragraph.

56.    Admitted.

57.    The defendants state that the allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response.  To the extent a response is required, said allegations are denied.

58.    Denied.

59.    The defendants admit the allegations set forth in the first sentence and deny the allegations set forth in the second sentence of this paragraph.  Further answering, the defendants deny the characterization of the pat frisk conducted by defendant Ricko as a "full body search."

60.    Denied.

61.    Denied.

62.   The allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response. To the extent a response is required, said allegations are denied.

63.   Denied. Further answering, the defendants state that any written correspondence regarding defendant Ricko speaks for itself and deny all characterizations thereof.

64.   Denied.

65.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

66.   Admitted.

67.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

68.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Further answering, however, the defendants state that, although defendant Chase has no memory of the incident alleged in paragraphs 65 through 71, he would not have failed to respond to any report of an alarm at the plaintiff's store of which he was aware.

69.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

70.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

71.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except they admit that

defendant Chase has always responded to reports of alarms at the plaintiff's store of which he was aware.

72.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph with respect to plaintiff's beliefs. The defendants deny any further allegations set forth in this paragraph.

73.    The allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response. To the extent a response is required, said allegations are denied.

74.    Denied.

75.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph with respect to plaintiff's beliefs. The defendants deny any further allegations set forth in this paragraph.

76.    The defendants admit only that a letter dated June 18, 2001 was received from the plaintiffs' counsel, which letter speaks for itself.

## COUNT ONE

77.    The defendants hereby incorporate their responses to paragraphs 1 through 76 of the Complaint as if fully restated herein.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied, in that the "conduct" attributed to defendant Ricko did not occur as alleged.

83.    Denied.

84.    Denied.

## COUNT TWO

85.    The defendants hereby incorporate their responses to paragraphs 1 through 84 of the Complaint as if fully restated herein.

86.    Denied.

87.    Denied.

## COUNT THREE

88.    The defendants hereby incorporate their responses to paragraphs 1 through 87 of the Complaint as if fully restated herein.

89.    Denied.

90.    Denied.

91.    Denied, in that the "conduct" attributed to the defendants did not occur as alleged.

92.    Denied.

93.    Denied.

## COUNT FOUR

94.    The defendants hereby incorporate their responses to paragraphs 1 through 93 of the Complaint as if fully restated herein.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

## COUNT FIVE

101.    The defendants hereby incorporate their responses to paragraphs 1 through 100 of the Complaint as if fully restated herein.

102.    Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails for lack of subject matter jurisdiction.

### THIRD DEFENSE

All claims against the individual defendants in their so-called "official" capacities must be dismissed, as they are duplicative with the claims against the Town itself.

### FOURTH DEFENSE

The Complaint is barred by the doctrine of equitable estoppel.

### FIFTH DEFENSE

The Complaint is barred by the doctrine of laches.

### SIXTH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiffs have failed to plead any actual damages.

13

## SEVENTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## EIGHTH DEFENSE

The actions and conduct of the individual defendants were objectively reasonable under the circumstances of which they were aware, and they are therefore entitled to qualified immunity.

## NINTH DEFENSE

The Complaint is barred as the defendants were at all relevant times carrying out executive and administrative functions in good faith, and in the reasonable belief that their actions were lawful.

## TENTH DEFENSE

The defendants deny all of plaintiff's allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

## ELEVENTH DEFENSE

The individual defendants are immune from negligence claims pursuant to G.L. c.258.

## TWELFTH DEFENSE

The Municipal Defendants are immune from intentional tort claims pursuant to G.L. c.258.

## THIRTEENTH DEFENSE

The Complaint is barred pursuant to the applicable statutes of limitations.

14

## FOURTEENTH DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted because they have failed to allege that the defendants deprived them of a federal constitutional right.

## FIFTEENTH DEFENSE

The defendants are entitled to absolute immunity.

## SIXTEENTH DEFENSE

The actions and conduct of the defendants were undertaken in the good faith performance of official duties without malice and were therefore privileged under applicable law.

## SEVENTEENTH DEFENSE

Any injury or damages suffered by the plaintiffs, to the extent actually incurred as alleged, were caused by reason of the plaintiffs' own wrongful acts, reckless misconduct and negligence.

## EIGTEENTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendant.

## NINETEENTH DEFENSE

At the time alleged in the Complaint, the defendant Town was engaged as a public instrumentality and therefore the plaintiff's recovery is barred or limited in accordance with G.L. c. 258 and the doctrine of sovereign immunity.

## TWENTIETH DEFENSE

This action consists of claims based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, and, therefore, the plaintiffs cannot recover in this action.

## TWENTY-FIRST DEFENSE

The plaintiffs are precluded from any recovery as the negligence of the plaintiffs was greater than the defendants' alleged negligence and plaintiffs cannot recover pursuant to G.L. c. 231, §85.

## TWENTY-SECOND DEFENSE

If defendants were negligent, which is denied, and the negligence of defendants exceeded the negligence of the plaintiffs, which is denied, then the damages assessable against the defendants should be reduced by the percentage of negligence attributable to plaintiffs.

## TWENTY-THIRD DEFENSE

If the plaintiffs sustained damages as alleged in the Complaint, they were caused by acts of a third person or persons, which acts the defendants had no reason to anticipate and of which person or persons the defendants had no knowledge, and over whom it had no control.

## TWENTY-FOURTH DEFENSE

If the plaintiffs suffered any damages as alleged, such damages were caused by the intervening act or acts or omissions of parties other than the defendants, and said act or acts or omissions superseded any alleged action or omission by the defendants for which they might be considered liable to the plaintiffs, and which the defendants could not reasonably have foreseen, nor for which they can be held liable in this action.

## TWENTY-FIFTH DEFENSE

The defendant's actions are immune from suit pursuant to the "public duty rule".

## TWENTY-SIXTH DEFENSE

The Town may not be held liable on a theory of respondeat superior.

## TWENTY-SEVENTH DEFENSE

The Town is not a "person" subject to suit pursuant to the Massachusetts Tort Claims Act.

## TWENTY-EIGHTH DEFENSE

The Complaint fails to state a cause of action for which relief may be granted against many of the individual defendants, in that it states no personal involvement or knowledge by said defendants of the alleged wrongdoing or of any pattern of wrongful behavior.

## TWENTY-NINTH DEFENSE

The defendants state that plaintiff Baleno is barred from recovery as he was committing a violation of the General Laws of the Commonwealth of Massachusetts.

## THIRTIETH DEFENSE

As to some or all of plaintiffs' claims under state law, plaintiffs have failed to comply with mandatory statutory prerequisites to the maintenance of this cause of action and this action is therefore barred and this Court lacks subject matter jurisdiction over such claims.

## THIRTY-FIRST DEFENSE

The Complaint should be dismissed for insufficient service of process

## THIRTY-SECOND DEFENSE

The Complaint should be dismissed for insufficiency of process.

## THIRTY-THIRD

The plaintiffs have failed to allege conduct comprising actionable "threats, intimidation or coercion," and their claims under the Massachusetts Civil Rights Act must therefore be dismissed.

17

## THIRTY-FOURTH DEFENSE

The action filed by the plaintiffs is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY DEMAND

The defendants respectfully demand a trial by jury on all claims so triable.

DEFENDANTS

By their attorneys,

Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

221939/metr/0553

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 5/25/04

18